IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR FREE SPEECH, LLC, ET AL.,<br><br>          Plaintiffs,<br>     v.<br><br>COUNTY OF ALAMEDA,<br><br>          Defendant. | No. C14-02513 CRB<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING RE SCOPE OF INJUNCTION** |

On August 5, 2014, the Court granted Plaintiffs' motion for preliminary injunction in this case, holding that Plaintiffs were likely to succeed in their argument that Defendant's Zoning Ordinance was unconstitutionally overbroad in certain respects. See generally Order Granting Mot. for Prelim. Injunct. (dkt. 34). The Court ordered the parties to submit proposed injunctions. Id. at 18-19; Order Granting Motion for Extension of Time (dkt. 39). The parties have done so. See Pltfs' Proposed Order (dkt. 38); Def's Proposed Order (dkt. 40); see also Plfs' Objections to Def's Proposed Order (dkt. 41).

The parties' proposed orders both purport to enjoin, to varying degrees, Defendant's enforcement of the Zoning Ordinance as to Plaintiffs. See Pltfs' Proposed Order at 3 (enjoining Defendant "from any and all conduct in enforcement of the Zoning Ordinance that prohibits Plaintiffs from displaying the Signs . . ."); Def's Proposed Order at 2 (enjoining Defendant from "[t]aking any action, pursuant to the Zoning Code, to abate, prohibit or

encumber the Signs constructed by Citizens on the Parcel, or to penalize plaintiffs in any manner for constructing or maintaining said Signs . . ."). But the Court explicitly held that it did not understand Plaintiffs' Motion to be making an as-applied challenge to the Zoning Ordinance. Order Granting Mot. for Prelim. Injunct. at 1 n.1. The Motion alleged, and the Court found, that Plaintiffs were likely to prevail in demonstrating that the Zoning Ordinance was "facially invalid." See Order Granting Mot. for Prelim. Injunct. at 1 n.1; 18. Specifically, the Court found that Plaintiff was likely to prevail in demonstrating that the Zoning Ordinance was facially invalid because it: (1) gives the Public Works Agency and Historic Landmarks Commission unfettered discretion to approve or disapprove signs; (2) gives the Planning Commission unfettered discretion to grant or deny conditional use permits in PD Districts; and (3) contains no procedural safeguard to ensure that decisions by the Public Works Agency, the Historic Landmarks Commission, or the Planning Commission, or decisions on whether to grant or deny a variance, are rendered within a specific time frame. See id.; id. at 12-17.

In as much as the Court's holding was based on facial invalidity, the parties are hereby ORDERED to submit supplemental briefs of no more than ten (10) pages, within seven (7) days of this Order, as to whether the injunction in this case should apply in scope only to Defendant's enforcement of the Zoning Ordinance as to Plaintiffs, or more broadly. The parties shall also state whether the injunction should pertain to the Zoning Ordinance generally or only those parts of the Zoning Ordinance that the Court found were unconstitutionally overbroad.

**IT IS SO ORDERED.**

Dated: August 20, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE