IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR FREE SPEECH, LLC, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ALAMEDA, <br><br> Defendant. | No. C14-02513 CRB <br><br> **PRELIMINARY INJUNCTION** |

On August 5, 2014, the Court granted Plaintiffs' motion for preliminary injunction in this case. See generally Order Granting Mot. for Prelim. Injunct. (dkt. 34). Specifically, the Court found that Plaintiffs were likely to prevail in demonstrating that the Zoning Ordinance was facially overbroad because it: (1) gives the Public Works Agency and Historic Landmarks Commission unfettered discretion to approve or disapprove signs; (2) gives the Planning Commission unfettered discretion to grant or deny conditional use permits in PD Districts; and (3) contains no procedural safeguard to ensure that decisions by the Public Works Agency, the Historic Landmarks Commission, or the Planning Commission, or decisions on whether to grant or deny a variance, are rendered within a specific time frame. See id.; id. at 12-17. The Court further found that Plaintiffs were likely to suffer irreparable injury if the County was not enjoined from enforcing the Zoning Ordinance against them, and that the balance of hardships and public interest favored the grant of an injunction. Id. at

17-18. The Court subsequently directed the parties to submit further briefing about the appropriate scope of the injunction, see Order Directing Supp. Briefing (dkt. 42), and has received and considered the parties' submissions, see Def.'s Response (dkt. 45), Pltfs. Response (dkt. 49).

Accordingly, Defendant the County of Alameda, its employees, agents, officers, managers, delegates, or assigns, and those in active concert or participation are hereby ENJOINED AND PROHIBITED, pending trial of this action, from any and all conduct in enforcement of sections 17.18.130 and 17.54.080 the Zoning Ordinance[1] that prohibits Plaintiffs from displaying the Signs, encumbers Plaintiffs' right to display the Signs, interferes with Plaintiffs' practical ability to display the Signs, or penalizes or punishes Plaintiffs' property relating to the Signs. No bond is required.

**IT IS SO ORDERED.**

Dated: September 4, 2014

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] As Defendant noted in its supplemental response, there is no evidence that 17.52.520(D) (about historical landmarks) or 17.52.520(R) (about bust stop benches and transit shelters), which the Court found overbroad, are at all applicable to Plaintiffs. See Def.'s Response at 6-7.

2